**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006[*]
Decided September 28, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1600

| | |
|---|---|
| WILLIAM KINDLER,<br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | 1:04-CV-934-DFH-TAB |
| JOHN POTTER,<br>Postmaster General, United States<br>Postal Service,<br> *Defendant-Appellee.* | David F. Hamilton,<br> *Judge.* |

**O R D E R**

   William Kindler filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that he was fired from his job with the United States Postal Service because he is Hispanic. After the close of discovery, the district court granted summary judgment for the Postal Service because Kindler could not establish a *prima facie* case of discrimination. We affirm.

---

   [*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

Kindler filed his complaint in May 2004. In it, he stated that he was fired from his job as a "part-time flexible distribution/window clerk" for violating the Postal Service's policy against sexual harassment, but alleged that the sexual harassment charges had never been proven, and that he was fired because he is Hispanic. After discovery commenced, details quickly emerged as to the circumstances surrounding his termination. Namely, Kindler was fired after an extensive internal investigation confirmed a customer complaint that he repeatedly had sexually harassed a 16-year-old girl while working at the retail window of his post office branch.

During discovery Kindler sought evidence showing that he was treated differently from Maureen Fager, a fellow post-office employee with whom he claimed to be similarly situated. Kindler asserted that Fager was never disciplined for repeatedly arriving late to work or failing to do her job. After the Postal Service moved for summary judgment in May 2005, Kindler requested and received two successive continuances to conduct additional discovery. In August 2005 he requested a third continuance, claiming that he had not yet received requested "documents regarding specific employees" that "would allow counsel to determine whether similarly situated employees were engaging in similar or worse conduct than Plaintiff." (We note, however, that Kindler did not submit an affidavit in support of his motion for a continuance pursuant to Fed. R. Civ. P. 56(f).) Specifically, Kindler sought Fager's "disciplinary records," an "analysis" of the frequency of her absences from work, and her "clock rings" (documents stating each date she worked, the time she began working, the time taken for breaks and lunch, and the time she ended her work day) from January 1, 2003, through June 30, 2003.

After a hearing, the magistrate judge denied Kindler's motion for a third continuance. The requested documents, the magistrate judge stated, "were not reasonably calculated to lead to the discovery of admissible evidence." Namely, Fager was not similarly situated with Kindler because she held a different position in the Postal Service—"senior, full-time lead/SLS service associate"—and accordingly was "governed by different standards for removal" than Kindler. The documents were thus "not relevant for the purpose of discovery."

The district judge granted summary judgment to the Postal Service. The judge determined that Kindler failed to establish a *prima facie* case of racial discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because, among other things, he did not show that "a similarly situated non-Hispanic employee was treated more favorably than himself." In reaching this determination, the judge adopted the magistrate judge's finding that Fager was not similarly situated with Kindler because they held different positions; the judge also pointed out that the record did not reflect that Fager was charged with or investigated for violating the Postal Service's sexual harassment policy.

Kindler appeals, arguing in essence that both the magistrate judge and district judge erred by determining that he and Fager were not similarly situated. He insists that they were similarly situated because "there was no difference between full-time and part-time employees' discipline procedure in the Collective Bargaining Agreement between American Postal Workers Union . . . and U.S. Postal Service."

We look to see if the district court abused its discretion when it denied Kindler's request for a third continuance to conduct further discovery before responding to the Postal Service's motion for summary judgment. *See Grayson v. O'Neill*, 308 F.3d 808, 815-16 (7th Cir. 2002) (citing *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000)). We review the district court's grant of summary judgment *de novo*. *See Scaife v. Cook County*, 446 F.3d 735, 738-39 (7th Cir. 2005).

To establish a *prima facie* case of racial discrimination, Kindler must show, among other things, that he was treated less favorably than similarly situated individuals who are not members of his protected class—that is, individuals who are not Hispanic. *See Balance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). To be "similarly situated" to Kindler, an individual must be comparable to him "in all material respects," *Crawford v. Ind. Harbor Belt R.R. Co.*, No. 05-2825, 2006 U.S. App. LEXIS 21484, at *6 (7th Cir. Aug. 23, 2006), meaning that there are no "'differentiating or mitigating circumstances as would distinguish . . . the employer's treatment of them,'" *Ineichen v. Ameritech*, 410 F.3d 956, 960-61 (7th Cir. 2005) (quoting *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000)). We consider a number of factors when determining whether employees are similarly situated, including whether the employees held the same job description and were subject to the same standards. *See Bio v. Fed. Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005). In cases where the plaintiff alleges that he was disciplined but other employees were not, we also consider whether the parties all engaged in the same conduct for which the plaintiff was disciplined. *See Ineichen*, 410 F.3d at 961.

Kindler's argument that he and Fager were similarly situated fails for several reasons. First, Kindler's assertion that there are no differences between the disciplinary procedures for full-time and part-time employees alone fails to prove that he and Fager were similar "in all material respects," *see Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1155 (7th Cir. 1997) ("[F]ull-time employees are simply not similarly situated to part-time employees."); *see also Miller v. Auto. Club of N.M., Inc.*, 420 F.3d 1098, 1115 (10th Cir. 2005); *Lowery v. Hazelwood Sch. Dist.*, 244 F.3d 654, 659-60 (8th Cir. 2001), especially since Kindler conceded in his deposition testimony that "part-time flexible distribution window clerks" were generally treated differently from full-time clerks; that Fager and he had different positions;

and that Fager was held to a different standard because she had a different position, *see Crawford*, 2006 U.S. App. LEXIS 21484, at *5-6; *Bio*, 424 F.3d at 596. Indeed, Kindler also admitted in his deposition testimony that full-time employees "hold a different status within the union and under the union contract" than part-time employees. Moreover, Kindler provides no evidence that Fager was ever charged with or investigated for violating the Postal Service's sexual harassment policy. *See Ineichen*, 410 F.3d at 961 ("In this case, [plaintiff] is not similarly situated to either [employee], because the [employees] engaged in different conduct [that warranted discipline]."). We thus cannot say that the magistrate judge abused his discretion in denying Kindler's motion for a third continuance to carry out additional discovery, nor can we say that the district judge erred in granting the Postal Service's motion for summary judgment.

AFFIRMED.